**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

**No. 23-12194**

---

BRIONA HUBBARD,
Plaintiff - Appellant

v.

BEST IN TOWN, INC. D/B/A THE FURNACE
Defendant – Appellee

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
HONORABLE ANNEMARIE CARNEY AXON
(2:22-CV-00399-ACA)
_____

**APPELLANT'S BRIEF**

_____

Heather Ryfa
Kira Y. Fonteneau
BARRETT & FARAHANY
2 20th North St. Suite 900
Birmingham, AL 35203
(404) 214-0120
(404) 214-0125 fax
heather@justiceatwork.com
kira@justiceatwork.com
*Counsels for Plaintiff-Appellant*

**C-1**

**CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT**

Plaintiff-Appellant, Briona Hubbard, pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, 26.1-2, and 26.1-3, hereby files her Certificate of Interested Persons and Corporate Disclosure Statement:

1. Trial Judge

    a. Honorable Annemarie Carney Axon, United States District Judge for the Northern District of Alabama

2. Appellant Briona Hubbard

3. Counsel for the Appellant

    a. Kira Y. Fonteneau, Barrett & Farahany

    b. Heather Ryfa, Barrett & Farahany

    c. Barrett & Farahany, Law Firm for Briona Hubbard

4. Appellee Best In Town, Inc. d/b/a The Furnace.

5. Counsel for the Appellees

    a. William Henry McGowen, III

    b. Law Office of William Henry McGowen, III, Law Firm for Best In Town, Inc.

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff/Appellant Briona Hubbard does not request oral argument to the Eleventh Circuit. Ms. Hubbard submits that oral argument will not be necessary for the Court's disposition of this case.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES AND
CORPORATE DISCLOSURE STATEMENT. ............................................. i

STATEMENT REGARDING ORAL ARGUMENT……………………… ii

TABLE OF CONTENTS ................................................................. iii

TABLE OF AUTHORITIES ........................................................ v

STATEMENT OF JURISDICTION ............................................... vi

STATEMENT OF THE ISSUE ...................................................... 1

STATEMENT OF THE CASE ...................................................... 2

COURSE OF PROCEEDINGS BELOW ...................................... 2

STATEMENT OF THE FACTS ................................................... 4

SUMMARY OF THE ARGUMENT……………………………….. 5

ARGUMENT ........................................................................... 6

I.      STANDARD OF REVIEW ……………….................................. 6

II.     THE DISTRICT COURT'S DISMISSAL IS EVALUATED AS A
        DISMISSAL WITH PREJUDICE DUE TO THE EXPIRATION OF THE
        STATUTE OF LIMITATIONS ............................................... 7

III.    THE DISTRICT COURT ABUSED ITS DISCRETION BY FAILING TO
        FIND A CLEAR PATTERN OF DELAY OR WILLFULNESS OR THAT
        LESSER SANCTIONS WOULD NOT SUFFICE ............................. 8

        A. Plaintiff's Counsel Did Not Engage in a Clear Pattern of Delay or
           Willful Contempt

        B. The District Court Failed to Find that Lesser Sanctions Would Not
           Suffice

CONCLUSION ............................................................................ 12

CERTIFICATE OF COMPLIANCE ............................................. 14

CERTIFICATE OF SERVICE ..................................................... 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Circuit Court Cases:**

*Betty K Agencies, LTD v. M/V Monada*,
432 F.3d 1333, 1337 (11th Cir. 2005)……………………………………......6, 8

*Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981)…………...9, n.1

*Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir. 1986)…...10-11

*Gonzalez v. Firestone Tire & Rubber*, 610 F.2d 241, 248 (5th Cir. 1980)……….10

*Gratton v. Great Am. Commc'ns.*, 178 F.3d 1373, 1375 (11th Cir. 1999)……..9, 11

*Jones v. Graham*, 709 F.2d 1457, 1462-63 (11th Cir. 1983)………………….. 9-10

*Justice v. United States*, 6 F.3d 1474, 1478-79 (11th Cir.1993)…………………...7

*Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)……………………..9

*Mickles v. Country Club, Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018)…………….7

*Miller v. Georgia*, 223 Fed.Appx. 842, 845 (11th Cir. 2007)……………………7-8

*Mingo v. Sugar Cane Growers Co-Op*, 864 F.2d 101, 103 (11th Cir. 1989)….11-12

*Richardson v. Beck*, No. 21-10874,
2022 U.S. App. LEXIS 33046, at *4 (11th Cir. Nov. 30, 2022)………….7-8

*Robinson v. Regions Fin. Corp.*, 242 F.Supp.2d 1070, 1078 (11th Cir. 2003)….7-8

*World Thrust Films v. Int'l Family Entm't*, 41 F.3d 1454 (11th Cir. 1995)…..11-12

**Statutes:**

42 U.S.C. § 1981………………………………………………………*passim*

Title VII of the Civil Rights Act of 1964, 42 U. S. C. § 2000e et seq………*passim*

Federal Rule of Civil Procedure 41(b)…………………………………… 3-4, 6

## <u>STATEMENT OF JURISDICTION</u>

This case is a plenary appeal of a final decision of the United States District Court for the Northern District of Alabama. Jurisdiction lies under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

When the statute of limitations has run, did the district court abuse its discretion in dismissing Plaintiff's claims for failure to prosecute where the court did not find a clear pattern of delay or willfulness?

## STATEMENT OF THE CASE

**I.     COURSE OF PROCEEDINGS BELOW**

Plaintiff Briona Hubbard ("Plaintiff" or "Ms. Hubbard") commenced this action on March 29, 2023, in the U.S. District Court for the Northern District of Alabama, alleging that Defendant Best in Town, Inc. d/b/a The Furnace ("Defendant" or "Furnace") discriminated against her on the basis of race when she applied for work at the Furnace, in violation of Title VII of the Civil Rights Act of 1964 (Count I) and 42 U.S.C. § 1981 (Count II). (Complaint, Doc. 1).

On June 6, 2023, the district court entered an order setting a telephone conference for June 12, 2023; this order was sent electronically to counsel for the parties. (Doc. 27). Counsel for both Plaintiff and Defendant failed to dial in for the conference. (Doc. 28). The court left messages for both attorneys and scheduled an in-person hearing for June 14, 2023. (Doc. 28). After both attorneys again did not appear for the in-person hearing, the courtroom deputy attempted to call both attorneys. (Doc. 29). The courtroom deputy was successful only in reaching voicemail for Defendant's counsel. The district court dismissed the action without prejudice on June 15, 2023. (Doc. 29).

Plaintiff filed a motion to alter, amend, or vacate the judgment on June 20, 2023. (Doc. 30). Plaintiff stated that her counsel did not receive a copy of the filings from the Northern District of Alabama. (Doc. 30 at ¶ 5). The docket management

system used by Plaintiff's counsel normally sends notices to two paralegals, who review, the calendar appropriately, and then notify counsel. (Doc. 30 at ¶¶ 2-4). However, Plaintiff's counsel's two regular paralegals were on maternity leave, and temporary support staff who were less familiar with the process were filling in. (Doc. 30 at ¶ 7). On June 20, 2023, Plaintiff's counsel noticed she was not receiving any notices from the Northern District of Alabama and reviewed the dockets; she discovered that the temporary paralegal had not docketed over the last several weeks. (Doc. 30 at ¶¶ 8-9).

Plaintiff's counsel sincerely and profusely apologized for the oversight and assured the district court that steps had already been taken to make sure such an error did not happen in the future. (Doc. 30 at ¶¶ 10, 12). She took full responsibility for the error and asked that the court vacate the order to ensure that the Plaintiff was not harmed by her counsel's clerical error. (Doc. 30 at ¶¶ 11, 13). Defendant did not file a response.

Because Plaintiff did not allege newly discovered evidence or manifest errors of law or fact, the district court construed Plaintiff's motion as a Federal Rule 60(b)(1) motion for relief due to excusable neglect. (Doc. 31 at p. 1).

The district court denied the motion, finding that Plaintiff's counsel had not shown excusable neglect. (Doc. 31 at p. 2). The court found that the defendant would suffer prejudice because it would be required to continue to defend the action. (Doc.

31 at p. 5). The court noted that the prejudice "may be slight, given the defendant did not file a dispositive motion and presumably understood the case would proceed to trial." (Doc. 31 at p. 5). While the court acknowledged that Plaintiff herself was not responsible, the court found that "efficient judicial administration and other factors weigh against a finding of excusable neglect." (Doc. 31 at pp. 5-7).

Plaintiff filed a timely notice of appeal on June 30, 2023. (Doc. 32).

## II.    STATEMENT OF THE FACTS

Because this is an appeal from a sua sponte Order Dismissing the Complaint pursuant to Federal Rule of Civil Procedure 41, it is appropriate to apply the standards for evaluating Motions to Dismiss when reviewing the District Court's Order. In particular, at the Motion to Dismiss stage, the Court must "assume the veracity of well-pleaded factual allegations" in the complaint. *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022). Plaintiff, therefore, presents the facts from the Complaint (Doc. 1) as follows.

Ms. Hubbard is a person of African ancestry, colloquially referred to as Black. (Doc. 1 at ¶ 8). She auditioned at the Furnace, an exotic dance club in Birmingham, Alabama, on or about December 28, 2020. (Doc. 1 at ¶ 9). When Hubbard arrived, Seduction, the "house mom" at the Furnace told her she could come back but the club had too many Black girls. (Doc. 1 at ¶ 10). Ms. Hubbard went to the Furnace again in March 2021 seeking employment, but again, Seduction told Hubbard, "The

Furnace has too many Black girls." (Doc. 1 at ¶ 12). The Furnace did not hire Hubbard but instead hired women of European ancestry to dance. (Doc. 1 at ¶¶ 13-14).

Ms. Hubbard filed a Charge with the Equal Employment Opportunity Commission (EEOC) on July 9, 2021. (Doc. 1 at Exhibit A). The EEOC issued a right-to-sue letter to Ms. Hubbard on December 29, 2021. (Doc. 1 at Exhibit B).

## SUMMARY OF THE ARGUMENT

This Court should reverse the dismissal in this case because it was an extreme sanction that is not supported by the district court's findings nor the underlying facts. The law of this circuit is clear that the dismissal without prejudice in this case should be construed as a dismissal with prejudice because both Ms. Hubbard's Title VII claim and her § 1981 claim would be untimely if she were to refile her complaint. A dismissal with prejudice must be supported by a finding (1) that Plaintiff engaged in a clear pattern of delay or willful contempt and (2) that lesser sanctions would not suffice.

First, the district court found only that Plaintiff's counsel had not demonstrated excusable neglect. Both Plaintiff's counsel and Defendant's counsel missed a telephonic hearing followed by an in-person hearing; the district court then dismissed the complaint sua sponte. When Plaintiff's counsel discovered her error, she immediately filed a motion to vacate two weeks after the first hearing. Plaintiff's

counsel apologized for the error, informed the district court that Ms. Hubbard was not to blame, and assured the court that new procedures had been put in place to prevent such an error from happening again. Due to the short amount of time of the delay and the lack of any meaningful prejudice to the defendant, neither the district court's findings nor the record supports an implicit finding of a clear pattern of delay or willful contempt.

Second, the district court's order does not indicate that any lesser sanctions were considered. Plaintiff's counsel has not been subject to any lesser sanctions in this matter and took unilateral steps to correct her error. Therefore, the record does not support a finding that lesser sanctions would not be effective. Accordingly, the district court abused its discretion, and its order should be vacated and remanded.

## ARGUMENT

### I.    STANDARD OF REVIEW

A district court can dismiss an action *sua sponte* either under Federal Rule of Civil Procedure 41(b) or under the court's "inherent power to manage its docket." *Betty K Agencies, LTD v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). This Court reviews a dismissal for failure to comply with the rules of the court for abuse of discretion. *Id.*

## II.   THE DISTRICT COURT'S DISMISSAL IS EVALUATED AS A DISMISSAL WITH PREJUDICE DUE TO THE EXPIRATION OF THE STATUTE OF LIMITATIONS

When a plaintiff is barred from refiling after a dismissal without prejudice due to the statute of limitations, this Court reviews the dismissal as a dismissal with prejudice. *Richardson v. Beck*, No. 21-10874, 2022 U.S. App. LEXIS 33046, at *4 (11th Cir. Nov. 30, 2022) (citing *Mickles v. Country Club, Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018)). In *Richardson*, the district court made no explicit or implicit finding regarding lesser sanctions and apparently believed it was issuing a dismissal without prejudice, with no indication that the court knew the statute of limitations had run. 2022 U.S. App. LEXIS 33046, at *4. This Court thus vacated and remanded. *Id.* That case appears to be squarely on point with the current case.

In Alabama, the statute of limitations for § 1981 claims is the same as for personal injury claims, which is two years. *Robinson v. Regions Fin. Corp.*, 242 F.Supp.2d 1070, 1078 (11th Cir. 2003). For Title VII actions, a plaintiff must file her complaint within 90 days of receipt of a right-to-sue letter from the EEOC. Dismissal of a complaint without prejudice does not automatically toll the limitations period, and the plaintiff cannot rely on a renewal statute to refile. *Miller v. Georgia*, 223 Fed. Appx. 842, 845 (11th Cir. 2007) (citing *Justice v. United States*, 6 F.3d 1474, 1478-79 (11th Cir.1993)).

The dismissal in this case should be reviewed as a dismissal with prejudice because Ms. Hubbard's § 1981 and Title VII claims are both barred by the limitations period. *Richardson*, 2022 U.S. App. LEXIS 33046, at *4. Defendant's failure to hire Ms. Hubbard occurred in December 2020 and March 2021, which was more than two years ago; thus, her § 1981 claim is now barred. (Doc. 1 at ¶¶ 9, 12); *Robinson*, 242 F.Supp.2d at 1078. In addition, her right-to-sue letter was issued more than 90 days ago on December 29, 2021, and is thus also barred by the relevant limitations period. (Doc. 1 at Exhibit B); *Miller*, 223 Fed. Appx. at 845. Therefore, the district court's dismissal should be treated as a dismissal without prejudice and should be reversed, since the order gave no indication that the district court was aware of the statute of limitations bar and made no findings regarding lesser sanctions. *Richardson*, 2022 U.S. App. LEXIS 33046, at *4.

## III.   THE DISTRICT COURT ABUSED ITS DISCRETION BY FAILING TO FIND A CLEAR PATTERN OF DELAY OR WILLFULNESS OR THAT LESSER SANCTIONS WOULD NOT SUFFICE

"A dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed only when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies*, 432 F.3d at 1337-38 (emphasis original). This Court "rigidly require[s] the district courts to make these findings precisely because the sanction of dismissal with

prejudice is so unsparing, and we strive to afford a litigant his or her day in court, if possible." *Id.* at 1339 (internal citation omitted). "Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Id.* at 1338 (citing *Gratton v. Great Am. Commc'ns.*, 178 F.3d 1373, 1375 (11th Cir. 1999)).

### A. Plaintiff's Counsel Did Not Engage in a Clear Pattern of Delay or Willful Contempt

A clear pattern of delay or willful contempt has been found by this Court when the party failed to timely comply with five court orders and the motion to dismiss was unopposed for eight months. *Jones v. Graham*, 709 F.2d 1457, 1462-63 (11th Cir. 1983); *see also Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)[1] (affirming dismissal where party failed to comply with three court orders and the motion to dismiss was unopposed for thirteen months). This Court also affirmed a dismissal where the district court found that no other sanction would fail to cure the harm that the attorney's misconduct would cause to the defendant, and lesser sanctions were tried twice before the dismissal. *Gratton v. Great Am. Communs.*, 178 F.3d 1373 (11th Cir. 1999). In that case, the plaintiff was personally culpable, repeatedly flouting discovery rules, destroying evidence, misidentifying a witness,

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

and ignoring the court's orders. *Id.* However, a three-month delay has been held to be insufficient cause to dismiss with prejudice. *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir. 1986); *see also Gonzalez v. Firestone Tire & Rubber*, 610 F.2d 241, 248 (5th Cir. 1980) (failure to attend the pre-trial conference not a clear record of delay or contumacious conduct).

In this case, the district court made no finding of a clear pattern of delay or willful contempt; instead, the district court based its decision on its finding that Plaintiff's counsel had not shown excusable neglect. (Doc. 31 at p. 2). Additionally, the facts of the case would not support a finding of a clear pattern of delay or willful contempt: the delay was only two weeks between the first scheduled hearing and Plaintiff's counsel's discovery of the error and filing of the Motion to Vacate. (Docs. 27 and 30). Under *Cohen*, this is not a sufficient amount of time to constitute a clear pattern of delay or willful contempt. 782 F.2d at 925. Additionally, Plaintiff's counsel has acknowledged her error and affirmed to the court that she has taken steps to prevent such errors in the future. (Doc. 30 at 10, 12). Moreover, the harm to the defendant, whose counsel also failed to appear at both scheduled hearings, is minimal because the delay was so short; the defendant did not move to dismiss the action or otherwise claim any harm. (Doc. 28). This case thus differs significantly from *Jones* and *Martin*, which both had a much longer delay as well as motions to dismiss filed by the defendants. *Jones*, 709 F.2d 1462-63; *Martin*, 627 F.2d at 682.

10

Furthermore, as the district court acknowledged in its order, Plaintiff is blameless, and Plaintiff's counsel is solely responsible for the error in this case in failing to appear at the two scheduled hearings. (Doc. 31 at p. 7). Thus, unlike *Gratton*, the harsh sanction of a dismissal with prejudice is not appropriate here, and the district court abused its discretion in dismissing the case. 178 F.3d 1373.

### B. The District Court Failed to Find that Lesser Sanctions Would Not Suffice

Due to its "drastic consequences for the plaintiff," a dismissal with prejudice must contain "a finding that lesser sanctions would not suffice." *Cohen*, 782 F.2d at 924. "Although we occasionally have found implicit in an order the conclusion that 'lesser sanctions would not suffice,' we have never suggested that the district court need not make that finding, which is <u>essential</u> before a party can be penalized for his attorney's misconduct." *World Thrust Films v. Int'l Family Entm't*, 41 F.3d 1454 (11th Cir. 1995) (emphasis added).

This Court has reversed a dismissal where the district court "had warned plaintiff on at least two prior occasions that further delay might yield dismissal." *Mingo v. Sugar Cane Growers Co-Op*, 864 F.2d 101, 103 (11th Cir. 1989). In that case, the district court held in its dismissal order that "it would be unfair to defendant to allow this unhappy litigation to drag on longer than it already has" and that "the circumstances of this case cry out for such a 'just, speedy, and inexpensive determination.'" *Id.* This Court stated that it "hesitate[d] to infer from this language

that the trial court reflected upon the wide range of sanctions at its disposal and concluded that none save dismissal would spur this litigation to its just completion." *Id.*

Here, the district court did not make any findings or otherwise indicate that it had considered a lesser sanction. (Doc. 31). Despite the district court's finding of a "slight" possibility of prejudice to the defendant, under the holding in *Mingo*, this Court should reverse the dismissal since the district court did not make a finding regarding lesser sanctions. (Doc. 31 at p. 5); 864 F.2d at 103. Additionally, Plaintiff's counsel had received no prior warnings as had been issued by the district court in *Mingo* prior to the dismissal. (Doc. 31). Nothing in the record here would support an implicit finding that lesser sanctions would not suffice, particularly since the delay was only two weeks and Plaintiff's counsel admitted her error and took steps to prevent such errors in the future. *See World Thrust Films*, 41 F.3d at 1454. Therefore, the district court abused its discretion by issuing a dismissal order.

## CONCLUSION

For the reasons set forth above, the District Court's Order should be reversed, and this matter remanded for a jury trial on the merits.

Submitted this 7th day of September 2023.

Respectfully submitted,

/s/ *Kira Fonteneau*
Kira Y. Fonteneau
Heather Ryfa
Counsel for Briona Hubbard

BARRETT & FARAHANY
2 20th Street North
Suite 900
Birmingham, AL 35203
(205) 564-9005
(404) 487-0912 (*facsimile*)
kira@justiceatwork.com
heather@justiceatwork.com

*ATTORNEYS FOR APPELLANT*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify in accordance with FRAP 32(g) that this brief complies with the type-volume limitation specified in Rule 32(a)(7)(B). Specifically, it contains 2,756 words in the Brief.

/s/ *Kira Fonteneau*
Kira Y. Fonteneau
Georgia Bar No. 103355

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 7, 2023, I electronically filed the foregoing ***Appellant's Brief*** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

/s/ *Kira Fonteneau*
Kira Y. Fonteneau
Heather Ryfa
Counsels for Briona Hubbard